UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

TOM ELTON ROBERTSON, SR.,

                Petitioner,

v.                                         No. 6:22-CV-00022-H

DIRECTOR, TDCJ-CID,

                Respondent.

## OPINION AND ORDER

Petitioner Tom Elton Robertson, Sr., a self-represented state prisoner proceeding *in forma pauperis*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge the calculation of his sentence and the requirement that he complete a sex-offender treatment plan before release to parole. Respondent filed an answer with copies of Petitioner's relevant state-court records. Petitioner filed a reply. As explained below, because Petitioner has failed to state a viable claim for federal habeas relief, the Court denies the petition and dismisses it with prejudice.

**1. Background**

Petitioner is serving a 20-year prison sentence out of Tom Green County, Texas, for sexual assault of a child. He does not challenge his conviction and sentence, here, however. Instead, he challenges the calculation of his sentence and the requirements for release to parole.

Petitioner filed a relevant state habeas application, but the Texas Court of Criminal Appeals denied it without written order on the findings of the trial court without a hearing and on the court's independent review of the record on March 30, 2022.

Petitioner filed his federal petition on April 6, 2022.[1] He argues that his continued confinement is unlawful because he has earned work time, which, when added to his flat time, would equal 120% of his sentence. He asserts that TDCJ is wrongfully refusing to credit his sentence calculation with his work time, even though he is entitled to receive time off his sentence as compensation for his work. Finally, he complains that he cannot be released to parole until he completes an individual sex-offender treatment plan, in violation of the ex post facto clause.

Respondent argues that the Court should deny the petition because Petitioner's claims are without merit and are not cognizable under Section 2254. Dkt. No. 6.

In his reply, Petitioner repeats his argument that he has a vested interest in work time, and that, if his work time is properly credited, he has overserved his sentence. Dkt. No. 11.

## 2. Discussion and Conclusion

Although Petitioner emphasizes the distinction between work time and good time, Texas law provides that good time and work time function the same way; work time is simply good time which is given for working. Tex. Gov. Code Ann art. 498.003(d); *Broughton v. Texas Dep't of Crim. Just.*, No. 6:16CV356, 2017 WL 9289647, at *3 (E.D. Tex. Jan. 4, 2017), *report and rec. adopted,* No. 6:16CV356, 2017 WL 653252 (E.D. Tex. Feb. 15, 2017); *Aguero v. Director, TDCJ*, civil action no. 6:09cv124, 2009 U.S. Dist. LEXIS 44439, 2009 WL 1473214 (E.D.Tex., May 27, 2009). "Thus, like good time, work time serves only to advance eligibility for parole or mandatory supervision and does not affect the term of the sentence itself." *Broughton*, 2017 WL 9289647, at *3.

---

[1] *See Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998) (providing that a prisoner's habeas petition is deemed to be filed when he delivers the papers to prison authorities for mailing).

Federal habeas relief is unavailable "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir. 1995). But an inmate has no constitutional expectancy in parole because his interest in parole is entirely speculative. *Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir. 1995) (citations omitted); *see also Orellana,* 65 F.3d at 32 (a petitioner has no liberty interest in obtaining parole in Texas). Likewise, "because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure[.]" *Johnson v. Rodriguez,* 110 F.3d 299, 308 (5th Cir. 1997).

Petitioner's first two grounds are premised on his mistaken belief that he has a vested liberty interest in his work-time credits. But under state law, work-time credits, like good-time credits, do not entitle a prisoner to early release, they only advance his eligibility for release to parole. Because Petitioner has no constitutional right to release on parole, his first two grounds are not cognizable under Section 2254. For the same reasons, Petitioner's challenge to the parole requirement of sex-offender treatment must fail.

The Court thoroughly examined Petitioner's pleadings, Respondent's answer, the relevant state court records, and the applicable law. For the reasons discussed above and in Respondent's answer, the Court denies Petitioner's claims and dismisses the petition with prejudice.

The Court therefore orders:

(1) The petition for writ of habeas corpus is denied and dismissed with prejudice.

(2) All relief not granted is denied, and any pending motions are denied.

(3) Under Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), this Court finds that a certificate of appealability should be denied. For the

reasons set forth above and in Respondent's answer, Petitioner has failed to show that reasonable jurists would find (1) this Court's "assessment of the constitutional claims debatable or wrong," or (2) "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court will enter judgment accordingly.

Dated March 8, 2025.

JAMES WESLEY HENDRIX
United States District Judge